IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.

MIA J. TAYLOR,

    Plaintiff,

v.

DIXON TECHNOLOGIES, INC.,
a Florida Profit corporation,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, MIA J. TAYLOR, [hereinafter referred to as "TAYLOR" or "Plaintiff"], by and through her undersigned attorney, hereby files this lawsuit against Defendant, DIXON TECHNOLOGIES, INC., a Florida profit corporation, and as grounds therefore alleges as follows:

### JURISDICTION, PARTIES, AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §207 ("FLSA"), for unpaid overtime and minimum wage 29 U.S.C. §206.

3. This Court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff TAYLOR is a resident of Brevard County, Florida.

5. Defendant, DIXON TECHNOLOGIES, INC. [hereinafter referred to as "DTI" or "Defendant"] has a principal address at 4270 Dow Road, 204, Melbourne, Florida 32934.

6. This cause of action arose in Brevard County, Florida.

7. Brevard County, Florida is proper venue for this action because Plaintiff resides in Brevard County and at all times material hereto, Plaintiff was employed by and had dealings with Defendant in Brevard County, Florida.

8. Defendant failed to pay Plaintiff the mandatory overtime wages as required under state and federal law.

9. Defendant has annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

10. Defendant, at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

11. Plaintiff's job duties were such that she herself was individually engaged in commerce.

## COMMON ALLEGATIONS

12. Plaintiff was employed with Defendant from on or about January 31, 2018 up to and including her separation on June 20, 2020.

13. Plaintiff's position was that of administrative assistant with duties that included general office tasks, securing building permits, and supply purchasing.

14. Plaintiff regularly worked over forty (40) hours in a given work week without being paid overtime.

15. In fact, Plaintiff clocked in and out and noticed that she was not being paid when she went over 40 hours in a workweek. She did an audit of all her time sheets and learned that there were only 375 unpaid overtime hours. She compiled the documentation of those hours and

raised the issue with Beau Dixon, her immediate supervisor as well as his wife, who is an owner. Following the meeting, she kept the documentation in her drawer along with her notary stamp. Then she was terminated via email. When she retrieved her personal property, the documentation of her hours was not there.

16. Upon information and belief, the T sheets program can be run to identify these hours.

17. In addition to the 375 on the clock hours that resulted in overtime, she has off the clock overtime hours. She was asked to work on weekends and in the evenings to be available to assist the technicians on a job site. She tracked her time based on how long she had to be available for the technicians who were on site. She kept a handwritten journal of these hours. These hours were also kept in the drawer and were missing when she came to retrieve her personal belongings after her termination. She estimates there are 500-800 total off the clock hours. These hours can be supported by emails and invoices as well as emails.

18. Defendant failed to pay Plaintiff the mandatory wages as required under federal law.

19. Defendant failed to pay Plaintiff overtime as required by Federal law.

20. Plaintiff is a non-exempt employee under the FLSA.

21. Plaintiff's job duties were such that she herself was individually engaged in commerce.

22. During Plaintiff's employment she was paid straight time for all hours work.

23. Plaintiff was not paid her overtime rate for hours over forty (40).

24. Plaintiff regularly worked after hours and weekends without full compensation.

25. Plaintiff estimates without the benefit of her wage and you records, that she worked approximately sixty-five hours a week.

26. Over an eighteen month period, Plaintiff worked 1175 hours of unpaid overtime.

27. Plaintiff was paid an hourly rate of $23.63.

28. Plaintiff's overtime rate was $35.45.

29. Plaintiff is owed approximately $41,653.75 in unpaid overtime (1175 hours multiplied by overtime rate of $35.45).

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207

Plaintiff re-alleges and references each and every allegation contained in the preceding Paragraphs 1 through 29 and incorporates the same as set forth fully herein.

30. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

31. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks she was employed with the Defendant.

32. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendant.

33. Defendant, failed to compensate Plaintiff up to one and a half times her hourly rate for all worked performed in excess of forty (40) hours.

34. The Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207. Plaintiff is aware of hours for which she was not compensated in the preceding period of time.

35. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

36. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for

the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

37. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

38. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendant as follows:  The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

Dated this 24th day of August, 2020.

SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020

s/Cathleen Scott
Cathleen Scott, Esq.
Florida Bar Number 135331
Primary e-mail: CScott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com